UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AUTUMN M. BANKS,
        Plaintiff,

        v.

CEDRIC CROMWELL, ET AL.,
        Defendants.

C.A. No.12-11356-GAO

## MEMORANDUM AND ORDER

O'TOOLE , D.J.

On July 24, 2012, Plaintiff Autumn N. Banks ("Banks"), presumably a member of the Mashpee Wampanoag Tribe ("MWT") and a resident of Bourne, Massachusetts, filed a civil Complaint along with an Emergency Motion for a Temporary Restraining Order (Docket No. 3) and a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2).

The Complaint is skeletal and not entirely coherent.  Banks apparently seeks an Order from this Court for the immediate removal of the Defendants from their seats on the tribal government.  She also seeks to have this Court appoint a provisional government, and to declare that all contracts, MOU's and loan agreements are null and void as unconstitutional.

In the Complaint, Banks asserts jurisdiction over this matter to be based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.  In her Civil Cover Sheet attached to the Complaint, Banks has checked off the box to indicate that this action involves civil rights, and, reading the incomplete statements broadly, indicates that her cause of action is based on the conveyance of governmental powers to a third party, and abuse of power and executive privilege.  She also indicates that she objects to loans (presumably obtained by the Defendants pursuant to the alleged contracts).

In her Motion for a Temporary Restraining Order, Banks requests an emergency/immediate determination.  She contends that all person and properties/entities related to the MWT are currently in the protective custody of the Commonwealth of Massachusetts.

DISCUSSION

I. The Motion for leave to Proceed *in forma pauperis*

Upon review of Banks's financial disclosures, the Court finds she lacks sufficient funds to pay the $350.00 filing fee.  Accordingly, her Motion for leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED.

II. Screening of the Complaint

Because Banks is proceeding *in forma pauperis*, her Complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Further, in addition to the statutory screening requirements under § 1915, the Court has an independent obligation to inquire, *sua sponte,* into its subject matter jurisdiction.[1]  For purposes of preliminary screening, the Court liberally construe Banks's Complaint because she is proceeding *pro se*.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980);  Haines v. Kerner, 404 U.S. 519, 520 (1972);  Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

---

[1] See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004);  Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action.").  See also In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

Nevertheless, even under a liberal construction, Banks's Complaint is subject to dismissal.

Rule 8(a) requires a plaintiff to include in a complaint, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir.2005); Phelps v. Local 0222, 2010 WL 3342031, at *5 (D. Mass. 2010). The Complaint must afford the defendant(s) a " ['] meaningful opportunity to mount a defense.'" Diaz–Rivera v. Rivera–Rodriguez, 311 F.3d 119, 123 (1st Cir.2004) (quoting Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir.1995)); see Redondo–Borges v. U.S. Dept. of Housing and Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005); Benyamin v. Commonwealth Med. UMass Med. Ctr., Inc., 2011 WL 2681195, *2, (D. Mass. 2011). "In a civil rights action as in any other action ..., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriquenos en Action v. Hernandez, 367 F.3d 61, 68 (1st Cir.2004). Although "the requirements of Rule 8(a)(2) are minimal ... [,] 'minimal requirements are not tantamount to nonexistent requirements.'" Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988)) (internal punctuation and additional citations omitted)).

This Complaint is vague and conclusory.  it is not possible to tell what causes of action are alleged, nor does it contain any factual support for any possible claims.  In short, Banks fails to set forth the "who, what, when, where and/or why" information necessary to state plausible claims.  Accordingly, her claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

III.   Motion for a Temporary Restraining Order/Emergency Determination

Moreover, it appears that there is no subject matter jurisdiction over this matter. Federal district courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. They also have jurisdiction over all civil actions where the matter in controversy is greater than $75,000.00 and the action is between parties of diverse citizenship. 28 U.S.C. § 1332(a). "The existence of subject-matter jurisdiction 'is never presumed.'" Id. (quoting Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). Rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established." Id.

Here, Banks has alleged expressly in her Complaint that jurisdiction is based on 28 U.S.C. § 1332. Under § 1332, diversity must be complete: the citizenship of each plaintiff must be shown to be diverse from that of each defendant. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978). It is clear, however, that there is no diversity of citizenship because all parties are alleged to be residents (and presumed citizens) of Massachusetts. Moreover, Banks has failed to allege any facts from which this Court reasonably could infer the amount in controversy exceeds $75,000.00. Because "[d]efective allegations of jurisdiction may be amended," 28 U.S.C. § 1653, the Court will allow Banks an opportunity to show cause why this action should not be dismissed for lack of jurisdiction.

Further, even if this Court had subject matter jurisdiction, no emergency *ex parte* relief is warranted because Banks has not demonstrated a likelihood of success on the merits, nor has she shown that the requested harm to her outweighs the harm to the Defendants or that the public interest is not adversely effected if the requested relief is granted.

IV.     Order to Show Cause and File an Amended Complaint

As noted above, this action is subject to dismissal for failure to state claims in accordance with Rule 8, and/or for lack of subject matter jurisdiction. Accordingly, this action shall be dismissed within 35 days from the date of this Memorandum and Order unless Banks files a written response demonstrating good cause why this action should not be dismissed for failure to state a claim upon which relief may be granted and/or for lack of subject matter jurisdiction. Additionally, within 35 days, she shall file an Amended Complaint that comports with the pleading requirements of Rule 8.

Failure to comply with these directives will result in a dismissal of this action.

## ORDER

Based on the foregoing, it is hereby Ordered that:

1.  Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>;

2.  Plaintiff's Motion for a Temporary Restraining Order (Docket No. 3) is <u>DENIED</u>; and

3.  Within thirty-five (35) days of the date of this Memorandum and Order, Plaintiff shall show cause why this action should not be dismissed for failure to state a claim and/or for lack of subject matter jurisdiction or this action shall be dismissed. Additionally, within 35 days, Plaintiff shall file an Amended Complaint that comports with the pleading requirements of Rule 8.

SO ORDERED.

 7/25/12                                              /s/ George A. O'Toole, Jr.
DATE                                                 GEORGE A. O'TOOLE, JR.
                                                     UNITED STATES DISTRICT JUDGE