UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AUTUMN M. BANKS,
        Plaintiff,

C.A. No.12-11356-GAO

        v.

CEDRIC CROMWELL, ET AL.,
        Defendants.

MEMORANDUM AND ORDER

O'TOOLE , D.J.

BACKGROUND

On July 24, 2012, Plaintiff Autumn N. Banks ("Banks") filed a civil Complaint and an Emergency Motion for a Temporary Restraining Order (Docket No. 3). On July 25, 2012, a Memorandum and Order (Docket No. 7) issued denying the emergency motion and directing Banks to demonstrate good cause within 35 days why this action should not be dismissed for failure to state a claim and/or for subject matter jurisdiction. Banks was also directed to file an Amended Complaint in accordance with Rule 8 of the Federal Rules of Civil Procedure.

On August 29, 2012, Banks filed a Motion for an Additional 14 Days to File an Amended Complaint (Docket No. 8), a Motion for Access to ECF (Docket No. 9), and a Motion for Appointment of Counsel (Docket No. 10).

DISCUSSION

I.    The Motion for An Additional 14 Days to File an Amended Complaint

Banks seeks additional time to file an Amended Complaint because she has been unable to secure counsel and is not skilled in the law. She does not seek additional time to file a show cause Response as directed in the Memorandum and Order (Docket No. 7). Nevertheless, this

Court will <u>ALLOW</u> the Motion for an Additional 14 Days to File an Amended Complaint (Docket No. 8). It is hereby Ordered that, within 14 days of the date of this Memorandum and Order, Banks shall file an Amended Complaint that comports with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Additionally, within that 14-day period, Banks shall show cause why this action should not be dismissed for failure to state a claim and/or lack of subject matter jurisdiction.

Failure to comply with these directives will result in a dismissal of this action.

II. <u>The Motion for ECF Access</u>

Upon motion, a district court has the authority, under certain circumstances, to exempt certain persons or classes of persons from the fees associated with PACER use. <u>See</u> 28 U.S.C. § 1914 (setting forth the Judicial Conference's Electronic Public Access Fee Schedule and Policy Notes). The Judicial Conference's Electronic Public Access Fee Schedule states as follows:

> [C]ourts may, upon a showing of cause, exempt indigents...from payment of these fees. Courts must find that parties from the classes or entities listed above seeking exemption have demonstrated that *an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information*.

<u>Id.</u> (emphasis added). Accordingly, an indigent person is eligible for a waiver of PACER fees if she shows both that an exemption is necessary in order to avoid unreasonable burdens and also that it is necessary to promote public access to information. In reviewing a request for such an exemption, the Court is mindful that the Judicial Conference Policy Notes following the Electronic Public Access Fee Schedule state that fee-waived access to PACER "should be granted as the exception, not the rule."

In this case, Banks has been permitted leave to proceed *in forma pauperis*; however, she has not made any specific showing necessary to obtain a waiver of PACER fees. She has not

alleged nor explained why an exemption is necessary in order to avoid unreasonable burdens, nor has she demonstrated that such an exemption is necessary to promote public access to information. Her motion simply requests permission to electronically filed motions and to obtain access to the electronic filing system.

While this Court encourages *pro se* litigants to participate in the electronic filing and noticing system (CM/ECF), no good cause has been shown at this time for Banks to obtain free access to this Court's ECF system through PACER.

Accordingly, this Court will <u>ALLOW</u> Banks's Motion for ECF Access (Docket No. 9) provided that: (1) she register with the Clerk's Office and obtain the requisite training for accessing the system; and (2) she bear the costs of access to the ECF/PACER system.

Notwithstanding this ruling, this Court notes that the public can view electronic records of cases filed in this judicial district via several computer terminals located in the public area of the Clerk's office. There is no charge for use of these computers, although users must pay a fee for printer use.

III.  The Motion for Appointment of Counsel

Banks seeks appointment of counsel because she cannot afford to retain an attorney and because she lacks legal knowledge.

Under 28 U.S.C. § 1915, a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The United States Court of Appeals for the First Circuit provides the following set of factors to consider when determining whether to appoint counsel to an indigent under § 1915: "[1] the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; [2] the complexity of the factual and legal issues involved; and [3] the capability of the indigent litigant to present the case." <u>Cookish v.</u>

3

Cunningham, 787 F.2d 1, 3 (1st Cir. 1986) (*per curiam*); see Bemis v. Kelley, 857 F.2d 14, 16 (1st Cir. 1988). Ultimately, to be eligible for this assistance under 28 U.S.C. § 1915, Banks "must demonstrate that [she is] indigent and that exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on [her] due process rights." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) (brackets added). This Court considers the total situation, including the merits of the case, the complexity of the legal issues, and the litigant's ability to represent herself. Id.

At this juncture, the Court credits that Banks has attempted to retain counsel on her own but is unable to afford the costs of representation. The Court also considers that Banks is indigent, unskilled in the law, and may have a difficult time prosecuting this action *pro se*. Nevertheless, without a response from the Defendants, this Court cannot gauge adequately the merits of her claims nor can this Court find, on this record, that Banks has demonstrated exceptional circumstances that warrant the expenditure of scarce *pro bono* resources. Indeed, on this record, even under a liberal reading of the pleadings, the merits of her case are dubious, as is this Court's subject matter jurisdiction, as set forth in the Memorandum and Order (Docket No. 7).

Accordingly, Banks's Motion for Appointment of Counsel (Docket No. 10) will be DENIED without prejudice to renew after the Defendants have filed a responsive pleading to any Amended Complaint, if this action is permitted to proceed further, and upon good cause shown.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for an Additional 14 Days to File an Amended Complaint (Docket No. 8) is ALLOWED; with 14 days from the date of this Memorandum and Order, Plaintiff shall file an Amended Complaint, as well as a Show Cause Response;

2. Plaintiff's Motion for Access to ECF (Docket No. 9) is <u>ALLOWED</u> provided that (1) she register with the Clerk's Office and obtain the requisite training for accessing the system; and (2) she bear the costs of access to the ECF/PACER system; and

3. Plaintiff's Motion for Appointment of Counsel (Docket No. 10) is <u>DENIED</u> without prejudice to renew <u>after</u> the Defendants have filed a responsive pleading to any Amended Complaint, if this action is permitted to proceed further, and upon good cause shown.

SO ORDERED.

DATED: September 11, 2012

/s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE